**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **LANSING CHIROPRACTIC CLINIC, LTD.**, an Illinois corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.  12 C 7102 |
| **EVOLOCITY, INC.**, a Utah corporation, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

From time to time federal judges receive pleadings that reflect a total disregard of the

Federal Rules of Civil Procedure ("Rules") and the basic principles of notice pleading that inform

those Rules.  It has been more than a decade since this Court, to spare its secretary the chore of

the repetitive typing of corrections to pleadings that clearly merit an "F" in Federal Pleading 101,

drafted and published the Appendix to its opinion in State Farm Mut. Auto. Ins. Co. v. Riley, 199

F.R.D. 276 (N.D. Ill. 2001).

Just such a flawed pleading, filed on behalf of defendant Evolocity, Inc. ("Evolocity"),

has been delivered to this Court's chambers in this case.  This memorandum opinion is issued sua

sponte to send counsel for Evolocity back to the drawing board.

To begin with, Answer ¶¶1, 9 and 10 impermissibly depart from the straightforward

language that Rule 8(b)(5) prescribes as the basis for any defendant's getting the benefit of a

deemed denial.  That error is then compounded by following each of the defective disclaimers

with the language "and thus denies them."  It is of course oxymoronic for a party to assert

(presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth

of an allegation, then proceed to <u>deny</u> it. Because such a denial is at odds with the pleader's

obligations under Fed. R. Civ. P. 11(b), the quoted language must be omitted from each of those

paragraphs of the Amended Answer called for by this opinion.

Next Evolocity's counsel stuffs its responsive pleading with a host of assertions that

allegations in the Complaint "state[ ] legal conclusions, not factual allegations to which no

response is required" (Answer ¶¶5-7, 18, 19, 21-23, 25, 26, 28, 29, 31 and 33). Even apart from

the fact (not a legal conclusion) that defense counsel has operated on a false premise as to the

lack of a need to respond as required by Rule 8(b)(1)(B) (see also App'x ¶2 to <u>State Farm</u>), in

many respects counsel is simply wrong in labeling what is really a factual allegation as a

purported legal conclusion.

Finally, counsel's entire set of affirmative defenses ("ADs") is unacceptable under the

teaching of Rule 8(c) and the caselaw applying that Rule (see also App'x ¶5 to <u>State Farm</u>). Here

in brief are the deficiencies:

1.      AD 1, which is essentially equivalent to a Rule 12(b)(6) motion, is

        simply wrong and may not be repeated in the Amended Answer.

2.      ADs 2 and 4 through 8 really <u>are</u> legal conclusions (sauce for the

        goose?) that clearly do not meet the demands of notice pleading. If

        Evolocity still wishes to advance any of them, they must be fleshed

        out so that plaintiff's counsel and this Court can be informed as to

        just what it is that Evolocity is asserting.

3.      Finally, as to AD 3, Evolocity's counsel has not explained just how

it is that Evolocity knows of plaintiff's asserted failure to mitigate

damages.  If that AD is to be reasserted, it must be accompanied by

an appropriate explanation.

In sum, the entire Answer and ADs are stricken, but with leave of course granted to file an amended -- and proper -- responsive pleading as an Amended Answer on or before December 15, 2012.  No charge is to be made to Evolocity for any time and expense involved in that revised pleading, which is needed  to correct counsel's own errors.  Counsel is directed to apprise his client to that effect by letter, with a copy of that letter to be provided to this Court (purely for informational purposes, not for filing).

_____

Milton I. Shadur
Senior United States District Judge

Date:  December 3, 2012